IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tyrone Edwards,            Case No. 3:08 CV 1550

    Plaintiff,            MEMORANDUM OPINION
                                  AND ORDER

-vs-                      JUDGE JACK ZOUHARY

Lucas County Court of Common Pleas,

    Defendant.

## INTRODUCTION

On June 26, 2008, *pro se* Plaintiff Tyrone Edwards filed this action against the Lucas County Court of Common Pleas. The Complaint alleges the Common Pleas Court did not rule on several motions filed in his criminal case, and asks this Court to vacate his conviction and sentence "with recommendation of a lawsuit against Lucas County Prosecutor's Office for relief" (Complaint ¶ 5).

## BACKGROUND

Plaintiff was indicted in the Lucas County Court of Common Pleas on one count of possession of crack cocaine and one count of possession of powder cocaine on September 8, 1998. Police were conducting a narcotics sting operation using a confidential informant. Edwards was at a location under surveillance. When Edwards exited the building, the confidential informant advised police he was carrying a bag containing cocaine. The officers initiated a traffic stop and conducted a search of Edwards and his vehicle. Powered cocaine and crack cocaine were discovered in a bag in his car.

Edwards challenged the search claiming the officers lacked probable cause to stop his vehicle. His Motion to Suppress was denied. The case proceeded to jury trial on June 21, 1999. The jury returned a guilty verdict on June 22, 1999.

Edwards then filed a series of motions seeking to overturn the verdict. He filed a Motion for New Trial, next a second Motion for New Trial, a Motion for Delayed Appeal, and a second Motion for Appeal. Each was denied.

Seven years later, in 2007, Edwards filed another motion challenging the search of his vehicle in 1998 and objecting to his sentencing hearing. Edwards, however, did not specify the relief he sought. Neither the state court nor the state prosecutor responded and, after several months, Edwards filed another motion, this time asking the court to grant him a default judgment on the earlier unopposed motion. The court denied this motion. Edwards next sent an "Ethical Letter Request" to the Ohio Sixth District Court of Appeals asking for intervention on his behalf. He received no response and no ruling, though there is no indication in the Record that the Prosecutor's Office received this letter.

Having failed to obtain relief in the state courts, Edwards submitted a "De Novo Review Letter" to the United States District Court for the Northern District of Ohio. In the letter, he recites the history of his attempts to overturn his conviction and concludes he should have been granted a default judgment in his criminal case. He submitted a second letter to this Court in 2007.

Edwards has now filed this civil rights action claiming the Lucas County Court of Common Pleas should have granted default judgment when the prosecutor did not respond to his motion. He asks this Court to vacate his criminal conviction and sentence.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Edwards seeks to have his criminal conviction vacated. When a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id.*

Furthermore, this Court cannot construe this civil rights action as a petition for a writ of habeas corpus. A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, Plaintiff must have exhausted all available state remedies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). The Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.

*Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). There is no indication that Edwards exhausted his state court remedies.

## CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 16, 2008

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.